IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEREM EYRE, an individual; and TARA C. EYRE, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GB MORTGAGE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ETITLE INSURANCE AGENCY; WELLS FARGO BANK, N.A.; and DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:10-CV-717 TS |

This matter is before the Court on a number of pending Motions. As discussed fully below, the Court finds that Plaintiffs' Complaint and First Amended Complaint fail to state a claim on which relief may be granted and will, therefore, be dismissed. The Court further finds that Plaintiffs' attempts to file a Second Amended Complaint are untimely and futile. Therefore, the Court will deny Plaintiffs' Motion for Leave to Amend.

1

I. BACKGROUND

Plaintiffs filed their original Complaint in this action on July 28, 2010.[1] Plaintiffs' Complaint consists of claims that Defendants' lacked the authority to foreclose and that the note had been split. This Court has repeatedly rejected such claims.

In response to the original Complaint, Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Mortgage Electronic Registration Systems ("MERS"), and GB Mortgage, LLC ("GB Mortgage") filed Motions to Dismiss.[2] Instead of responding to the Motions to Dismiss, Plaintiffs filed their First Amended Complaint.[3] The First Amended Complaint again disputed Defendants' ability to foreclose and asserted a split note theory.

Defendants again sought dismissal of the First Amended Complaint.[4] In addition, Defendant GB Mortgage sought to strike the First Amended Complaint.[5] Plaintiffs did not timely oppose the Motion to Dismiss, but rather waited until nearly a month after their opposition was due to file an opposition.[6] Defendants Wells Fargo and MERS filed a Motion to Strike the untimely opposition,[7] to which Plaintiffs have failed to respond.

---

[1] Docket No. 2.

[2] Docket Nos. 11 & 15.

[3] Docket No. 19.

[4] Docket Nos. 29, 37, & 52.

[5] Docket No. 33.

[6] Docket No. 54.

[7] Docket No. 55.

Around this same time, Plaintiffs filed a Motion for Summary Judgment,[8] which Defendants have opposed.

After the Motion to Dismiss the First Amended Complaint was fully briefed, Plaintiffs filed a Second Amended Complaint and sought leave to amend.[9] Plaintiffs' Second Amended Complaint again attacks Defendants' ability to foreclose and advances a split note theory. However, the Second Amended Complaint adds claims against Defendant Wells Fargo for breach of the covenant of good faith and fair dealing and negligent misrepresentation. Defendants oppose Plaintiffs' Motion for Leave to Amend.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[10] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[11] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[12] But, the court "need not accept conclusory allegations without supporting factual

---

[8]Docket No. 26.

[9]Docket Nos. 62 & 63.

[10]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[11]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[12]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

averments."[13]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[14]  The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[15]  Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[16]

### III.  DISCUSSION

A.  MOTIONS TO DISMISS AND MOTION TO STRIKE

As set forth above, Defendants have moved to dismiss Plaintiffs' Complaint and First Amended Complaint for failure to state a claim.  In addition, Defendants Well Fargo and MERS move to strike Plaintiffs' untimely response to its Motion to Dismiss the First Amended Complaint.  The Court will first address the Motion to Strike and will then turn to the Motions to Dismiss.

---

[13] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[15] *Id.*

[16] *The Ridge at Red Hawk, LLC  v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

1.   *Motion to Strike*

Defendants Wells Fargo and MERS moved to dismiss Plaintiffs' First Amended Complaint on October 26, 2010.[17] The parties stipulated that Plaintiffs could have until December 10, 2010, to file a response to the Motion to Dismiss.[18] Plaintiffs failed to file a response by this date and, on December 15, 2010, Defendants filed a Request to Submit for Decision.[19] On January 7, 2011, without seeking leave of the Court, Plaintiffs filed an untimely opposition to the Motion to Dismiss.[20] Defendants Wells Fargo and MERS filed a Motion to Strike, seeking to strike the untimely response.[21] Plaintiffs have never opposed Defendants' Motion to Strike.

DUCivR 7-1(d) permits the Court to grant a Motion based on a party's failure to timely respond. Here, Plaintiffs have failed to timely respond to Defendants' Motion to Strike and have offered no explanation as to why their opposition was not timely filed. Having reviewed the Motion to Strike, the Court finds that it is well-taken and will be granted.

2.   *Motions to Dismiss*

Defendants have filed Motions to Dismiss in regard to both the original Complaint and the First Amended Complaint. Having stricken Plaintiffs' untimely opposition to Defendants'

---

[17] Docket No. 29.

[18] Docket Nos. 41 & 45.

[19] Docket No. 49.

[20] Docket No. 54.

[21] Docket No. 55.

5

Motion to Dismiss the First Amended Complaint, the Motions to Dismiss stand unopposed. Having reviewed the Motions to Dismiss, the Court finds Defendants' arguments to be well-taken and will grant the Motions. The claims in both the Complaint and the First Amended Complaint have been repeatedly rejected by this Court. Therefore, the Motions to Dismiss will be granted.

B.   MOTION TO AMEND

Plaintiffs seek leave to file a Second Amended Complaint. In addition to the claims contained in the previous Complaints, Plaintiffs' Second Amended Complaint seeks to bring claims against Defendant Wells Fargo for breach of the covenant of good faith and fair dealing and negligent misrepresentation.

Rule 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave."[22] The Rule goes on to state that "[t]he court should freely give leave when justice so requires."[23] The Supreme Court, in *Foman v. Davis*,[24] stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."[25]

---

[22]Fed.R.Civ.P. 15(a)(2).

[23]*Id*.

[24]371 U.S. 178 (1962).

[25]*Id*. at 182.

### 1. *Undue Delay*

As noted, the Supreme Court in *Foman* listed "undue delay" as one of the justifications for denying amendment. The Tenth Circuit has stated that "'[l]ateness does not of itself justify the denial of the amendment.'"[26] "However, '[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time.'"[27] "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[28]

The Court "focuses primarily on the reasons for the delay."[29] The Tenth Circuit has "held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"[30] "For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend."[31] "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a

---

[26]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

[27]*Id*. (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1488 (2d ed. 1990)).

[28]*Id*. (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

[29]*Id*. at 1206.

[30]*Id*. (quoting *Frank v. U.S. W.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).

[31]*Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.3d 383, 387 (10th Cir. 1987).

lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay [] raising [an] issue until the eve of trial."[32]

The case before the Court closely resembles those cases where leave has been denied as a result of undue delay. Most of the "new" facts contained in the Second Amended Complaint occurred before the filing of the Original Complaint and all but one occurred before the filing of the First Amended Complaint. These facts were clearly within the knowledge of the Plaintiffs and Plaintiffs have not offered a sufficient reason to explain the delay in filing their Motion for Leave to Amend.

Further, Plaintiffs tactics throughout this litigation show that Plaintiffs have repeatedly attempted to make their Complaint a moving target in an attempt to avoid a consideration of Defendants' Motions on the merits. When Defendants first filed a Motion to Dismiss, Plaintiffs responded with the First Amended Complaint; when Defendants sought dismissal of the First Amended Complaint, Plaintiffs failed to respond in a timely manner; when briefing was finally completed on the Motion to Dismiss the First Amended Complaint Plaintiffs sought leave to file the Second Amended Complaint. Such actions violate the spirit of Rule 15 and Plaintiffs will not be rewarded for such maneuvering.

---

[32]*Minter*, 451 F.3d at 1206 (quotation marks and citations omitted).

## 2. *Futility*

A court may also deny a motion for leave to amend when it would be futile to allow the plaintiff an opportunity to amend the complaint.[33] If Plaintiffs' proposed Second Amended Complaint cannot withstand a motion to dismiss, amendment would be futile.

As set forth above, many of the claims in the Complaint, First Amended Complaint, and Second Amended Complaint have been repeatedly rejected by this Court. Such claims would not survive a motion to dismiss and it would be futile to allow Plaintiffs to continue to assert such claims. The only new claims asserted by Plaintiffs in the Second Amended Complaint are claims against Defendant Wells Fargo for breach of the covenant of good faith and fair dealing and negligent misrepresentation. Both of these claims are based on the Home Affordable Modification Program, which this Court has held does not provide for a private right of action.[34] Further, Plaintiffs' claims are belied by the documents attached to the Second Amended Complaint. Therefore, the Court finds that it would be futile to allow Plaintiffs to file the proposed Second Amended Complaint.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 11, 15, 29, and 52) are GRANTED. It is further

---

[33] *Hall*, 935 F.2d at 1110.

[34] *Shurtliff v. Wells Fargo Bank, N.A.*, 2010 WL 4609307, at *3 (D. Utah Nov. 5, 2010).

ORDERED that Defendants' Motion to Strike (Docket No. 55) is GRANTED. It is further

ORDERED that Plaintiffs' Motion to Amend (Docket No. 63) is DENIED. It is further

ORDERED that all remaining motions (Docket Nos. 26, 33, 68, and 70) are DENIED AS MOOT.

Plaintiffs' claims are dismissed with prejudice. The Clerk of the Court is directed to close this case forthwith.

DATED   May 23, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge